The Georgia Pacific Railway Company v. Weaver.

Simmons, J.—1. The evidence being conflicting and the trial judge being satisfied with the verdict, we. will not interfere with his discretion in refusing a new trial.
2. Under the facts the verdict is not excessive.    Judgment affirmed.
April 14, 1890.

Verdict. Damages. Before Judge Van Epps. City court of Atlanta. December term; 1889.

Weaver sued for damages. His evidence tended to show that he went, in discharge of his duty, between the engine and the car of defendant for the purpose of uncoupling the car from the engine. The train was still when he went in; when he was endeavoring to uncouple, it was improperly moved without a signal, and he was hurt. The bumper of the car was defective, and this contributed to the injury; and this defect was unknown to plaintiff, and he did not have time to observe it before he was hurt. His arm was badly mashed, and a small bone in it was broken. He was in bed about a month before he was allowed by the physician to get out, and then had to walk about with his arm in a sling. It was about five months before he was able to do anything with his injured hand, his right hand, and was not much " stout" in it then, although he went

back to the shop and worked four days. It still pains him some, and he has not near the strength in his right arm that he has in the other. He now does work that requires muscular power; he cannot hold anything in his right hand like he can in his left hand. He now makes $5.40 a week; was making, when he was hurt, $1.00 per day, and worked seven days in a week. He went back to defendant to work about two months and a half after the accident. He can do the same work as before he was hurt, if he had the same job on the railroad. He followed the directions of the physician of the road as to the treatment of his arm. About two and a half months after he was injured, he did carry a twenty-five pound sack of flour on his left shoulder, as he was in the habit of doing before his arm was broken. There is a knot left on the bone which was broken, and a knot on the flesh. The injury was received on July 1, 1887, and the case tried November 18, 1889.

The testimony for the defendant tended to show that the injury was caused by plaintiff going between the cars when they were in motion, contrary to the rule of the road; that the bumpers were not defective; that while the injury was painful, there were no bones broken; that he did not take proper care of the injured arm; and that a month or so after the injury, after he had returned to work for the railroad company, he carried off some meat and a sack of flour, which he put on his shoulder with his right hand.

The jury found for the plaintiff $750. The defendant moved for a new trial on the grounds that the verdict was contrary to law and evidence, and was excessive. The motion was overruled, and the defendant excepted.

JACKSON & JACKSON, for plaintiff in error.
REID & STEWART, contra.